UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ARTHUR LEE HIDES, III         ) | |
|                 Plaintiff,    ) | |
|                 v.         ) | CAUSE NO. 1:06-CV-328 |
| CITY OF FORT WAYNE, DETECTIVE    ) MITCHELL MCKINNEY, and    ) DETECTIVE ROBERT KIRBY,    ) | |
|                 Defendants.    ) | |

**OPINION AND ORDER**

I. INTRODUCTION

The Plaintiff, Arthur Lee Hides, III, brought this suit against the Defendants under 42 U.S.C. § 1983, alleging that he was arrested by Defendants Detective Robert Kirby and Detective Mitchell McKinney without probable cause.[1] (*See* DE # 1.)  What is before the Court, however, is the Defendants' motion (DE # 13) seeking to set aside the default entered by the Clerk on November 15, 2006 (DE # 9).  The Plaintiff filed a response (DE # 15) on December 6, 2006, and the Defendants filed a reply (DE # 16) on December 8, 2006.  On November 20, 2006, the Plaintiff filed a motion for default judgment (DE # 14), and the Defendants, apparently relying on their earlier motion, have not filed a response.

For the reasons given below, the Defendants' motion to set aside the default will be GRANTED, rendering the Plaintiff's motion for default judgment MOOT.

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331.  Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(c). *See* N.D. Ind. L.R. 72.1(c) (providing, with immaterial exceptions, that "[a] magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a civil or criminal case").

II. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff commenced this action with the filing of his complaint on September 27, 2006. (DE # 1.)  On October 18, 2006, the U.S. Marshal's office mailed a copy of the summons and complaint by certified mail to the City Clerk's Office for the City of Fort Wayne, 1 Main Street, Room 122 Fort Wayne, Indiana 46802, and to McKinney and Kirby care of the City of Fort Wayne Police Department, 1320 Creighton Avenue, Fort Wayne, Indiana 46802. (DE # 5-7.)

According to the "Summons Return," on October 19, 2006, a representative of the Fort Wayne Police Department signed the postal receipt card to the summons and complaint sent to Kirby and McKinney, and on October 24, 2006, the Fort Wayne Clerk's Office received the summons and complaint sent to the City of Fort Wayne. (DE # 5-7.)  The summons and complaint sent to the City of Fort Wayne was apparently then forwarded by the City Clerk's Office to the City Law Department, which received it on October 30, 2006, as on November 3, 2006, the Law Department engaged a local law firm to represent the Defendants.[2]

Kirby and McKinney, however, actually work at the Fort Wayne Police Department division located at 1903 St. Mary's Avenue and that is where they receive their official mail. (*See* Aff. of Detective Robert Kirby ¶¶ 5, 6; Aff. of Detective Mitchell McKinney ¶¶ 4, 6.) Kirby received actual service on October 27, 2006 (Kirby Aff. ¶ 5), and McKinney received actual service on October 26, 2006 (McKinney Aff. ¶ 5).  Neither Detective had authorized the Fort Wayne Police Department to accept personal certified mail on their behalf. (*See* McKinney

---

[2] There is no evidence that the summons and complaint were ever served on the Mayor of the City of Fort Wayne.

Aff. ¶ 3; Kirby Aff. ¶ 3).

On November 6, 2006, Defendants' counsel, who intended to file the answer after meeting with his individual Defendants, set a meeting date of November 15, 2006, with his clients, the first date that all of the Defendants were available. (Mot. to Set Aside Entry of Default J. at 3.)  Defendants' counsel explains that, according to the calculations he made upon being engaged by the Defendants, his deadline for filing an answer (which he contends hinges upon the date the complaint and summons were received by the Law Department) was November 20, 2006. (*Id.*)

On November 9, 2006, however, the Plaintiff filed a motion for clerk's entry of default, and a default was entered by the Clerk on November 15, 2006. (DE # 8, 9.)  After his meeting with the Defendants on November 15, 2006, Defendants' counsel prepared an answer and filed it on November 16, 2006. (Mot. to Set Aside Entry of Default J. at 3; DE # 12.)  Apparently, on that same day, Defendants' counsel learned of Plaintiff's motion for default. (Mot. to Set Aside Entry of Default J. at 3-4.)

### III.  APPLICABLE LEGAL STANDARD

Because no judgment has been entered, the Court must consider the Defendants' motion to set aside the default in accordance with Federal Rule of Civil Procedure 55(c).  To succeed in obtaining the vacation of a default entry under Rule 55(c), the Defendants must demonstrate: "(1) good cause for default (2) quick action to correct it and (3) meritorious defense to the plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *U.S. v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989); *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir. 1982).  "The test is the same for relief under either Rule 55(c)

3

or Rule 60(b), but is more liberally applied in the Rule 55(c) context." *DiMucci*, 879 F.2d at 1495.

## IV.  DISCUSSION

The Plaintiff does not challenge the proposition that the Defendants took quick action to correct the default, doing so two days following its entry.  Nor does the Plaintiff take issue with the Defendants' argument that they have meritorious defenses as set out, at least in part, in their promptly-filed answer.  Rather, what this case comes down to is simply whether the Defendants have shown good cause for the default.  While the Plaintiff's argument on that question is brief, it essentially asserts that Kirby and McKinney, the two narcotics detectives, were properly served at the Creighton Avenue address because that is the location of the Vice and Narcotics division for the City of Fort Wayne Police Department.[3]

As a threshold matter, we note that the Plaintiff has offered no argument that the City of Fort Wayne was properly served.  Indeed, Federal Rule of Civil Procedure 4(j)(2) provides that service on a municipal corporation is to be effected either by delivering a copy of the summons and complaint to "its chief executive officer" or by the manner prescribed by state law.  Similarly, Indiana law, in particular Rule 4.6(A)(4) of the Indiana Rules of Trial Procedure, provides that service on a local government may be made by serving "the executive thereof and upon the attorney for the local governmental organization."  Therefore, under either provision, proper service required that the summons and complaint be served on the Mayor of the City of Fort Wayne as the City's executive. *See* Ind. Code § 36-4-5-2(a).

---

[3] We accept the Plaintiff's representation that the Creighton Avenue address is the location of the Vice and Narcotics division of the City of Fort Wayne, even though there is no evidence to support it.

The Plaintiff, however, gave instructions to the United States Marshal's Service to serve the "City Clerk Office." (*See* DE # 7.)  Accordingly, when service was made only on the Clerk's Office, it was insufficient as a matter of law, rendering the default of the City improper. *See*, *e.g.*, *Guess?, Inc., v. Chang*, 163 F.R.D. 505, 508 (N.D. Ill. 1995) (articulating that insufficient service is good cause to set aside a default); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 684 (N.D. Iowa 1995) (same).  Accordingly, the motion to set aside the default of the City of Fort Wayne must be granted.

Turning to the question of the attempted service on McKinney and Kirby, the Plaintiff has the burden to prove that service upon them was proper. *Homer v. Jones-bey,* 415 F.3d 748, 754 (7th Cir. 2005) (citing *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003)); *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992).  In that regard, the Plaintiff contends that he served McKinney and Kirby where he thought they worked – at the police station at 1320 Creighton Avenue, Fort Wayne, Indiana; the certified mail return receipt indicates that the summons and complaint were received there on October 19, 2006, by a representative of the Fort Wayne Police Department.

In response, both McKinney and Kirby offer a similar theme: that the record showing service on October 19, 2006, is inaccurate given that the Plaintiff specified service by certified mail at a location different from the St. Mary's Avenue address where they actually work. McKinney and Kirby further emphasize that they never authorized anyone at the Fort Wayne Police Department to receive service of process for them.  Indeed, Kirby and McKinney do more than make these claims; they actually support them with affidavits.

The Federal Rules of Civil Procedure that address service on individuals do not

5

specifically authorize serving them at their place of business. *See* Fed. R. Civ. P. 4(e)(2). Though Federal Rule of Civil Procedure 4(e)(2) does permit service upon agents authorized to receive service of process, the Plaintiff does not contend that Rule 4(e)(2) is applicable here, and the record, as established by both Kirby and McKinney, demonstrates otherwise.

Accordingly, if the Plaintiff is to be successful in establishing proper service, he must rely on Federal Rule of Civil Procedure 4(e)(1), which allows service "pursuant to the law of the state [of Indiana] . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . . ." In that regard, Indiana Trial Rule 4.1(A)(1) provides that service may be made upon an individual by "sending a copy of the summons and complaint by . . .certified mail . . . to his . . . place of business or employment with return receipt requested and returned showing receipt . . . ."

The phrase "place of business or employment" connotes the physical location at which the Defendants worked, 1903 St. Mary's Avenue, not the geographically separate location of the Vice and Narcotic's department, 1320 Creighton Avenue. *Claus*, 317 F.3d at 727. Accordingly, when the Plaintiff caused the summons and complaint to be sent to the police headquarters on the other side of the City from where Kirby and McKinney actually report for work, he failed to comply with the requirements of Indiana Trial Rule 4.1. *See id*.

Therefore, Kirby and McKinney were never properly served, making the default against them improper. While McKinney and Kirby concede that they actually received the complaint and summons on October 26 and October 27 respectively, we do not know the form of this supposed "delivery," and the record in that regard is silent. Therefore, we cannot assess, and the Plaintiff does not argue, that there was truly a personal delivery upon these two Defendants as

6

Federal Rule of Civil Procedure 4(e)(2) requires. *Homer,* 415 F. at 754 (emphasizing that the burden of showing proper service is on the plaintiff).

Of course, even if it could be said that there was personal delivery, it would then follow that with the twenty calendar days allowed under Federal Rule of Civil Procedure 12(a)(1)(A), Mckinney's and Kirby's answers were not due to be served until November 15 and November 16, 2006. Thus, even under this theory, the default on November 15, 2006, was premature and improper.[4]

Accordingly, the motion to set aside the default must be granted and the default set aside.

### V.  CONCLUSION

For the reasons recounted in this Opinion and Order, the Defendants have satisfied the test for setting aside a default. Accordingly, their motion (DE # 13) is GRANTED, and it is ORDERED that the entry of default (DE # 9) against them be set aside. Since an entry of default is a prerequisite to the entry of a default judgment, *see, e.g., Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998), it follows that the Plaintiff's motion for a default judgment (DE # 14) is MOOT. Contemporaneous with the entering of this Opinion and Order, the Court sets this case for a scheduling conference on January 17, 2007, at 3:00 p.m.

Enter for this 18th day of December, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,

---

[4] The suggestion of Kirby and McKinney that they should receive three extra days allowed under Federal Rule of Civil Procedure 6(e) because the summons and complaint were mailed, on top of the twenty days afforded under Federal Rule of Civil Procedure 12(a)(1)(A), ignores the fact that Rule 6(e) refers to Rule 5(b), which only applies under Federal Rule of Civil Procedure 5(a) to the service of "pleading[s] subsequent to the original complaint. . . . ." Stated another way, the service of the complaint here was governed by Rule 4, meaning that Rule 6(e), by its very terms, does not apply.

7

                                        United States Magistrate Judge